IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MINICK,

      Plaintiff,

      v.

      Case No. 24-2157-JAR

FRANK BISIGNANO, Commissioner of the
Social Security Administration,[1]

      Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Authorization of Attorney
Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 23), which seeks attorney's fees pursuant to 42 U.S.C.
§ 406(b)(1) in the amount of $10,590.00, reduced by $8,000.00 that counsel already received
under the Equal Access to Justice Act ("EAJA").  The motion is fully briefed, and the Court is
prepared to rule.  For the reasons stated below, the Court grants Plaintiff's motion for a total
award of $10,590.00, reduced by $8,000.00 already paid under the EAJA, for a net fee award of
$2,590.00.

## I.    Background

Plaintiff Brian Minick filed his Complaint on April 29, 2024, asking this Court to review
the final determination of the Commissioner of Social Security to deny his Social Security
Disability benefits.  This Court concluded that the Commissioner's findings were not supported
by substantial evidence, so it reversed the Commissioner's decision and remanded for further

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025.  The Court therefore
substitutes him as the defendant here under Fed. R. Civ. P. 25(d).  *See* 42 U.S.C. § 405(g).

proceedings consistent with its opinion.[2]  After remand, the parties agreed to an attorney-fee

award under the EAJA in connection with Plaintiff's court-related representation during the

appeal in the amount of $8,000, which the Court granted.[3]

On remand, the Administrative Law Judge issued a favorable decision finding Plaintiff

disabled.  On September 2, 2025, the Social Security Administration ("SSA") sent Plaintiff a

Notice of Award, itemizing the benefits it owed Plaintiff and his payment schedule.[4]  The notice

states that SSA "withheld $22,711.00 from your first check . . . in order to pay the approved

representative's fee."[5]  On September 7, 2025, SSA notified Plaintiff that it withheld an

additional amount of $2,379.00 from his widower's benefits to pay legal fees.  According to the

notices provided by SSA, these sums represent 25% of the total past-due benefits award of

$93,234.00.[6]

Plaintiff now moves for a fee award under 42 U.S.C. § 406(b).  He seeks a total attorney-

fee award of $10,590.00, reduced by the $8,000.00 in EAJA fees he has already been paid, for a

net fee award of $2,590.00.  The Commissioner does not support or oppose the request for

attorney fees or contest that the total fee award is reasonable.  The Commissioner asks the Court

to make clear that its reasonableness determination applies to the total award sought.

II.     Standard

Title 42 U.S.C. §  406(b)(1)(A) provides that "[w]henever a court renders a judgment

favorable to a claimant . . . the court may determine and allow as part of its judgment a

---

[2] Doc. 19.

[3] Doc. 22.

[4] Doc. 23-1 at 1.

[5] *Id.* at 4.

[6] *Id.* at 2–3,  8.  The Court notes that the total amount withheld appears to exceed 25% of the total past-due benefits award.

reasonable [attorney] fee . . . not in excess of 25 percent of the total of the past-due benefits."[7]

This provision allows the Court to award attorney fees in conjunction with a remand for further

proceedings where a plaintiff eventually is awarded past-due benefits.[8]  The amount of a fee

award under § 406(b) is committed to the Court's sound discretion.[9]

In determining whether a contingent-fee agreement produces reasonable results or

whether the fee award should be reduced, the Supreme Court has directed courts to consider

several factors, specifically: (1) the character of the representation and whether the results it

achieved were substandard; (2) whether the attorney was responsible for delay that caused

benefits to accrue during the pendency of the case; and (3) whether the benefits awarded are

large in comparison to the amount of time counsel spent on the case.[10]  The Supreme Court noted

that "the comparison of amount of benefits to time spent might be aided by submission of

plaintiff's attorney's billing record and normal hourly billing rate."[11]  "If counsel is awarded fees

under both the EAJA and the SSA, counsel must refund the smaller amount to the claimant."[12]

## III.    Discussion

Applying the factors described above, the Court concludes that the total requested fee of

$10,590.00 is reasonable.  As to the first two factors, counsel achieved a favorable result and was

---

[7] "The [statute] deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)).  "Under the SSA scheme, each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id.*

[8] *Id.* at 503.

[9] *Id.* at 505; *see also Gordon v. Astrue*, 361 F. App'x 933, 934 (10th Cir. 2010) (explaining that "a district court enjoys considerable discretion in the setting of a fee award for work done before it").

[10] *Gisbrecht*, 535 U.S. at 808 (citations omitted).

[11] *Robbins v. Barnhart*, No. 04-1174-MLB, 2007 WL 675654, at *2 (D. Kan. Feb. 28, 2007) (citing *Gisbrecht*, 535 U.S. at 808).

[12] *McGraw*, 450 F.3d at 497–98.

not responsible for any delay in the case.  The only question is whether the benefits awarded are large in comparison to the amount of time counsel spent on the case.   Plaintiff ultimately received past-due benefits in the amount of $93,234.00, and counsel now seeks attorney's fees in the total amount of $10,590.00, which represents about 11 percent of the total award.

In *Gisbrecht*,[13] the Supreme Court instructed that the contingency agreement should be given significant weight in fixing a fee, subject to the district judge's independent evaluation of the reasonableness of the fee.  In determining the reasonableness of the fees, the court may consider the hours spent representing the claimant and counsel's normal hourly billing charge for non-contingent fee cases.[14]  And in cases awarding large benefits, the court should disallow unreasonable fees that would constitute a windfall.[15]

Although Plaintiff entered into a contingent fee arrangement with counsel in which he agreed to a fee of 25 percent of past due benefits,[16] counsel seeks well below this amount. Counsel submitted an itemized invoice showing that he and his firm spent 45.9 hours representing Plaintiff, with an average hourly rate of $231.  The billed amount exceeds the amount of fees sought in this matter.  Counsel also contends that the fees sought are reasonable based on the results in the case and his firm's deep experience litigating Social Security appeals. The Court has reviewed Counsel's affidavit setting forth his law firm's experience and agrees. Accordingly, the Court finds that a total fee award of $10,590.00 is reasonable under the circumstances of this case.

---

[13] *Gisbrecht*, 535 U.S. at 808.

[14] *Id.*

[15] *Id.*

[16] Doc. 23-1 at 15–16.

As stated above, when counsel is awarded fees under both the EAJA and § 406(b), counsel must refund the smaller amount to the claimant.  Here, Plaintiff requests that the Court instead order a net award to Plaintiff that reflects the $8,000 EAJA award already paid.  The Commissioner takes no position on this request other than to ask that the Court make its reasonableness determination under § 406(b) based on the total fees sought, which the Court has done.  Thus, the Court grants Plaintiff's request to order a net fee award payment.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 23) is **granted**.  Plaintiff's request for a total fee award of $10,590.00 is reasonable.  After this amount is reduced by the $8,000.00 in attorney fees already paid under the EAJA, **Plaintiff is entitled to payment of a net fee award in the amount of $2,590.00**.

**IT IS SO ORDERED.**

Dated: December 5, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE